**THE DISTRICT COURT OF GUAM**

LAKISHA M. BRYANT,

           Plaintiff,

      vs.

WILLIAM J. PETTIS,

           Defendant.

CIVIL CASE NO. 24-00020

**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 35) AND DENYING PLAINTIFF'S MOTIONS (ECF NOS. 5, 6, 7, 22, 40)**

Before the court are Plaintiff Lakisha M. Bryant's motions to appoint counsel (ECF Nos. 5, 22), Motion for Relief (ECF No. 6), Application to Proceed without Prepayment of Fees (ECF No. 7), and motion for issuance of subpoena duces tecum (ECF No. 40), as well as Defendant William J. Pettis's Motion to Dismiss Amended Complaint (ECF No. 35). Plaintiff is proceeding *pro se*. The court has reviewed the record, the relevant case law, and deems this matter suitable for submission without oral argument.

For the reasons explained below, Plaintiff's motion for relief, application to proceed without prepayment of fees, motions to appoint counsel are **DENIED**, and Defendant's motion to dismiss is **GRANTED**. Accordingly, the Amended Complaint is **DISMISSED with prejudice**, and the motion for issuance of subpoena is **DENIED as moot**.

I.    **Relevant Facts and Procedural Posture**[1]

Plaintiff, a resident of Virigina, filed a complaint against Defendant Pettis, a resident of Florida, and his corporation, WJP Dental Corporation, on September 16, 2024. ECF No. 1. As required, Plaintiff paid the $405 filing fee.[2] On December 23, 2025, Plaintiff filed a motion to appoint counsel, a motion for relief, and an application to proceed without prepaying fees. ECF Nos. 5-7.

On January 21, 2025, Defendant moved to dismiss the complaint, but after Plaintiff moved to amend her complaint, the Magistrate Judge held a status hearing where he indicated that Plaintiff's amended complaint would be considered filed on March 28, 2025. ECF Nos. 16, 32, 33. The amended complaint, brought only against Defendant Pettis,[3] seeks to invoke this court's diversity jurisdiction by alleging the parties' residences in different states and an amount in controversy of $10 million. Am. Compl. at 1-5, ECF No. 33. The claims are based on serious allegations that Defendant Pettis raped Plaintiff in 1994. *See id.* at 5. Plaintiff cites to Guam's criminal sexual conduct statutes, specifically first- and second-degree criminal sexual conduct under 9 GUAM CODE ANN. §§ 25.15, 25.20, and related sections on the applicable punishment and statute of limitations for those offenses. *Id.* at 6-7. The operative facts are as follows.

Around October or November 1994, Defendant Pettis allegedly raped Plaintiff "with the intent of harm" while she was "helpless/incapacitated from being inebriated, and unable to consent/participate in sexual intercourse." *Id.* at 6. Defendant Pettis "had intent to harm the

---

[1] Page citations throughout this Decision and Order refer to CM/ECF-generated page numbers.

[2] Plaintiff initially overpaid the filing fee by $35.00 via Pay.gov after she mailed her complaint to the court, but the Magistrate Judge granted her motion for refund on January 13, 2025. ECF No. 14.

[3] Plaintiff voluntarily dismissed WJP Dental Corporation on February 6, 2025. ECF No. 23.

1   plaintiff when he subjected her to unauthorized ejaculation inside her body" and "unprotected

2   physical contact." *Id.* at 7-8. It appears that the conduct occurred while the parties were serving

3   in the U.S. Navy. *See id.* at 7. Defendant Pettis's conduct caused "pregnancy/childbirth" that

4   resulted in "lifelong medical anguish wondering why I even had my baby." *Id.* at 7. Plaintiff

5   further alleges that Defendant Pettis's conduct was "offensive to a reasonable sense of personal

6   dignity," that she "did not consent," and that Defendant Pettis's actions were "intentional,

7   willful, malicious, and/or done with reckless regard to Plaintiff's rights/his 1st wife/and our

8   unborn children." *Id.* "As a direct and proximate result of Defendant's conduct, Plaintiff has

9   sustained and will continue to sustain economic injury in the form of lost wages, loss of benefits,

10  irreparable damage to her reputation, severe emotional distress, physical and mental health

11  problems and legal expenses to date." *Id.* "Defendant Pettis acted with malice, and willful and

12  conscious disregard of the rights and safety of others when aggressively sexually battering

13  Plaintiff and causing intentional infliction of emotional harm/distress and negligent infliction of

14  emotional harm/distress." *Id.* at 8. Plaintiff requests various forms of relief, including "monetary

15  payment of $10,000,000.00 in damages,"[4] "defendant being registered on the sex offender's

16  registry," and defendant "acknowledg[ing] his wrongdoing" and changing the narrative "that

17  [she] was a will participant, and got any type of gratification from his egregious behavior,"

18  among others. *Id.* at 9-10. Plaintiff also requests relief under 9 GUAM CODE ANN. §§ 25.15,

19  25.20, such as "criminal charges . . . to be picked up." *Id.* at 10.

20

21  _____

22

23  [4] Plaintiff's $10 million damages request consists of $1.5 million in lost wages from her U.S. Navy service, $1.6 million in lost wages from her USPS service, $3 million as a "Pro Se fee/continued mental anguish," $2 million in punitive damages, and $3 million in "Injury-Pregnancy and childbirth and child permanently disabled. Am. Compl. at 10, ECF No. 33.

24

On April 18, 2025, Defendant Pettis[5] moved to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 35. Defendant Pettis argues that "all claims are time-barred" and that the amended complaint should be dismissed in its entirety. *Id.* at 1-2. Defendant Pettis also argues that equitable tolling is unavailable for Plaintiff's claims because, in Guam, equitable tolling applies only to insurance claims. *Id.* at 3-4. And even if the court equitably tolled Plaintiff's claims, Plaintiff's claims are barred by the doctrine of laches because "Plaintiff has shown a lack of diligence in prosecuting her claim against Defendant" and "to defend against an assault that allegedly occurred in 1994 . . . would be highly prejudicial against Defendant." *Id.* at 4-5. Finally, Defendant Pettis argues that the amended complaint should be dismissed with prejudice because "Plaintiff can prove no set of facts that can bring her claims for assault and battery within Guam's statute of limitations," i.e., Plaintiff cannot possibly cure the deficiencies argued above. *Id.* at 5.

Plaintiff opposes the motion to dismiss but acknowledges that she "has not addressed her claims appropriately and according to standard." Opp'n at 3, ECF No. 37. Nonetheless, she argues that "defendant's conduct still stands as criminal without any statute of limitations on the criminal acts and the plaintiff has filed a criminal report on March 10, 2025." *Id.* at 3-4. In support, Plaintiff clarifies her claims against Defendant Pettis: (1) first-degree criminal sexual conduct under 9 Guam Code Ann. § 25.15; (2) second-degree criminal sexual conduct under 9 Guam Code Ann. § 25.20; (3) gender violence under Cal. Civil Code § 54.2; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) civil rights violation under Cal. Civil Code § 52.1; (7) civil rights violation under Cal. Civil Code § 51.7;

---

[5] The motion to dismiss was also filed on behalf of WJP Dental Corporation, however, the corporation had already been dismissed from this action. *See* ECF No. 23. Therefore, the court refers to Defendant Pettis as the moving party throughout this Decision and Order.

(8) "[i]njuries resulting in childbirth of a permanently disabled child resulting in PTSD"; and (9) "[g]eneral [r]elief." *Id.* at 4-5. Plaintiff then addresses Defendant Pettis's arguments by requesting that the statute of limitations be tolled because Defendant Pettis's egregious conduct continues to take a toll on her life. *Id.* at 5. Plaintiff also explains that arguments about her delay in filing this case "add insult to injury" because of the lasting impact that his conduct had on her, including "taking care of his adult child." *Id.* at 5-6.

On August 4, 2025, Plaintiff filed a motion requesting that the court subpoena wireless telephone companies for text messages between the parties. Mot., ECF No. 40.

## II. Jurisdiction

Plaintiff invokes this court's jurisdiction under 28 U.S.C. § 1332, alleging that she and Defendant Pettis are citizens of different states (Virginia and Florida, respectively) and an amount in controversy of $10 million. *See* Am. Compl. at 5, 10, ECF No. 33. Plaintiff's amended complaint appears to state civil claims for assault, battery, and negligent and intentional infliction of emotional distress, along with civil rights claims under the California Civil Code. *See id.* at 7-8; Opp'n at 4, ECF No. 37. However, Plaintiff also asserts claims under 9 GUAM CODE ANN. §§ 25.15, 25.20, which are criminal statutes in Guam that define and prohibit first- and second-degree criminal sexual conduct as felonies. Am. Compl. at 6-7, ECF No. 33. Defendant Pettis does not address these claims in his motion to dismiss. *See* Mot., ECF No. 35. For the reasons explained below, the court *sua sponte* dismisses Plaintiff's claims under 9 GUAM CODE ANN. §§ 25.15, 25.20 for lack of jurisdiction but proceeds to evaluate Plaintiff's remaining claims in light of the motion to dismiss.

Federal courts are without jurisdiction to try alleged criminal violations of state statutes. *E.g.*, *Beal v. Mo. Pac. R.R. Corp.*, 312 U.S. 45, 49-50 (1941). And private citizens do not have

1  "authority to initiate a federal criminal prosecution of a defendant for their alleged unlawful

2  acts." *E.g.*, *Cottonwood Env't L. Ctr. v. Yellowstone Mountain Club, LLC*, 2023 WL 7018748

3  (D. Mont. Oct. 25, 2023) (cleaned up) (quoting *Kafele v. Frank & Woolridge Co.*, 108 Fed.

4  App'x 307, 308-09 (6th Cir. 2004)). Sections 25.15 and 25.20 are criminal statutes that do not

5  contain a private right of action and must be prosecuted by indictment or information. *See* 8

6  GUAM CODE ANN. § 1.15; 9 GUAM CODE ANN. §§ 25.15(b), 25.20(b); *cf. Scott v. Emanuel*, No.

7  22-CV-1955-GPC-AGS, 2023 WL 376010, at \*2 (S.D. Cal. Jan. 23, 2023) (citing *Allen v. Gold*

8  *Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092

9  (9th Cir. 1980)) (dismissing complaint for failure to state a claim where criminal statute "does

10  not support a private cause of action"). Therefore, this court is without jurisdiction over

11  Plaintiff's criminal claims, and such claims had to be brought by the local prosecutor's office

12  within three years after the criminal sexual conduct was committed. *See* 8 GUAM CODE ANN.

13  § 10.20(c); *see also* 8 GUAM CODE ANN. § 10.17 (providing that only first- and second-degree

14  criminal sexual conduct that occurred *after* the enactment of 8 GUAM CODE ANN. § 10.17 may be

15  brought at any time). Accordingly, Plaintiff's claims under the Guam criminal code are

16  **DISMISSED**.

17      Nonetheless, the court can properly exercise jurisdiction over the former class of claims

18  (assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional

19  distress), which are civil claims that can arise under Guam law. In doing so, the court applies

20  federal procedural law and state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78

21  (1938); *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965). Relevant here, Guam's statutes of

22  limitations on assault, battery, and negligent and intentional infliction of emotional distress are

23  considered substantive law. *E.g.*, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745 (1908).

24

**III.    Discussion**

    **A.  Motion for Relief and Application to Proceed without Prepaying Fees**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil lawsuit without the prepayment of fees or security therefor. *See also Hymas v. U.S. Dep't of Interior*, 73 F.4th 763, 766 n.3 (2023) (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (explaining that § 1915(a)(1) applies to all persons, not just prisoners). District courts have broad discretion in determining whether the filing fees is "fair and appropriate in a particular case." *Id.* at 767-68. Procedurally, when a plaintiff seeks to proceed without prepaying the filing fee, the court is required to screen the complaint. *See* 28 U.S.C. § 1915(e)(2). Until the application is granted, and the complaint is screened, the case cannot proceed unless the plaintiff has paid the filing fee. *See id.* at § 1915(a)(1).

Here, Plaintiff filed the motion for relief and application to proceed without prepaying fees on December 23, 2024, approximately three months after she filed her original complaint and paid the filing fee.[6] *See* ECF Nos. 6-7. Although Plaintiff attested to her inability to pay, she paid the filing fee in full. Therefore, Plaintiff's motion for relief and application to proceed without prepaying fees are **DENIED as moot**.

    **B.  Citations to the California Civil Code**

Before evaluating Defendant Pettis's motion to dismiss, the court briefly addresses Plaintiff's citations to the California Civil Code in her opposition. Therein, Plaintiff cited to three civil rights statutes in the California Civil Code despite not raising such claims in her amended complaint. *See* Opp'n at 4, ECF No. 37 (citing to Cal. Civ. Code §§ 51.7, 52.1, 52.4).

---

[6] The court's records indicated that Plaintiff paid the filing fee on September 9, 2024, even though her complaint was filed on September 16, 2024. Plaintiff's receipt has the Pay.gov tracking identification number: 27HJ5H2Q.

Although the court must liberally construe a *pro se* litigant's submissions and hold the litigant to "less stringent standards than formal pleadings drafted by lawyers," *pro se* litigants are not excused from the rules of procedure. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). And under Federal Rule of Civil Procedure 8, pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to the relief sought." FED. R. CIV. P. 8(a)(2); *see also* FED. R. CIV. P. 8(d)(1). "Even a pro se litigant must comply with Rule 8(a)(2), and noncompliance may be met with *sua sponte* dismissal." *Cleveland v. Flores*, 2024 WL 5056009, at *2 (D. Nev. Dec. 9, 2024) (citing *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). Considering Rule 8's pleading standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

Here, Plaintiff did not state claims under the California Civil Code in her amended complaint but cited to them for the first time in her opposition to the motion to dismiss. *See* Am. Compl. at 5-10, ECF No. 33; Opp'n at 4, ECF No. 37. Even when the court liberally construes Plaintiff's amended complaint, the court has no reasonable basis to infer that such claims were adequately stated in the amended complaint. *See Hebbe*, 627 F.3d at 341-42. Plaintiff's allegations appear to arise out of conduct that occurred entirely in Guam. *See* Am. Compl. at 5-10, ECF No. 33. This leaves the court without a basis to apply California's civil rights statutes to Defendant Pettis's conduct.[7] *See, e.g.*, *Regueiro v. FCA US, LLC*, 671 F. Supp. 3d 1085 (C.D.

---

[7] After reviewing each of the California statutes that Plaintiff cites in her opposition, the court did not find any provision that explicitly indicates that the statutes "have force or operation beyond the boundaries of the state." *Terpin v. AT&T Mobility, LLC*, 339 F. Supp. 3d 1035, 1047 (C.D. Cal. 2019) (citing *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999)

Cal. 2023) (citations omitted) (discussing the principle of extraterritoriality whereby California statutes are presumed to not apply outside of California absent an explicit provision to the contrary, in the context of California's Unfair Competition Law); *Terpin v. AT&T Mobility, LLC*, 339 F. Supp. 3d 1035, 1047 (C.D. Cal. 2019) (same). Furthermore, Plaintiff's failure to state such claims in her amended complaint does not give Defendant Pettis "fair notice of what [her] claim[s are] and the grounds upon which [they] rest[]." *See Echlin v. PeaceHealth*, 887 F.3d 967, 977 (9th Cir. 2018) (citing FED. R. CIV. P. 8(a)(2) and quoting *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)). For these reasons, Plaintiff's citations to the California Civil Code are improperly pleaded and will not be considered here.

### C. Defendant Pettis's Motion to Dismiss

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss when a plaintiff "fails to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper "if the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support a cognizable legal theory." *Seymour v. Contreraz*, No. CV 22-125-BLG-SPW-KLD, 2023 WL 5846715, at *2 (D. Mont. Feb. 15, 2023) (citing *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). When reviewing a motion under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021); *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). This is particularly true of a *pro se* litigant where the court must liberally construe their pleadings. *See Hebbe*, 627 F.3d at 341-42. However, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Id.* "Dismissal for failure to state a claim

1  is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts

2  in support of his claim which would entitle him to relief." *Vasquez*, 487 F.3d at 1249 (internal

3  citations omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro

4  se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior

5  to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016)

6  (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

7  **2. Analysis**

8  As the court mentioned previously, it reads Plaintiff's amended complaint as broadly

9  stating claims for assault, battery, and intentional and negligent infliction of emotional distress.

10  *See Hebbe*, 627 F.3d at 341-42. This is not to say that Plaintiff's has adequately alleged each of

11  the necessary elements for such claims. Rather, the court assumes, without deciding, that

12  Plaintiff's states such claims to address the grounds for the motion to dismiss. In his motion to

13  dismiss, Defendant Pettis argues that Plaintiff has failed to state a claim upon which relief can be

14  granted because her claims are time-barred under Guam law. Mot. at 2-3, ECF No. 35. Although

15  he argues that *all* claims should be dismissed on this ground, he focused his arguments on the

16  alleged claims for assault and battery and did not address intentional or negligent infliction of

17  emotional distress. *Id.* at 3. Nonetheless, the court applies Defendant Pettis's argument to each of

18  Plaintiff's claims because the motion to dismiss requests that the entire case be dismissed and

19  argues that "all claims in the Amended Complaint are time-barred on its face." *Id.*

20  Under 7 GUAM CODE ANN. § 11301 *et seq.*, the applicable period of limitations for "the

21  commencement of actions other than for the recovery of real property" are provided. Section

22  11306 provides that actions for assault or battery must be brought within two years. 7 GUAM

23  CODE ANN. § 11306. And because Chapter 11 does not provide a specific statute of limitations

24

1  for intentional and negligent infliction of emotional distress, the catch-all contained in 7 GUAM

2  CODE ANN. § 11312 controls. Section 11312 provides that "an action for relief not otherwise

3  provided for must be commenced within four (4) years after the cause of action shall have

4  accrued." 7 GUAM CODE ANN. § 11312.

5  Under both provisions, Plaintiff's claims come before the court well-beyond the

6  applicable statute of limitations. Plaintiff's claims for assault, battery, and intentional and

7  negligent infliction of emotional distress arise out of an alleged rape by Defendant Pettis that

8  occurred in October or November 1994. Am. Compl. at 5, ECF No. 33. The statute of limitations

9  requires that Plaintiff file her assault and battery claims no later than October or November 1996

10  and her intentional and negligent infliction of emotional distress claims no later than October or

11  November 1998. *See* 7 GUAM CODE ANN. §§ 11306, 11312. Plaintiff's complaint came before

12  this court almost twenty-six years after the statute of limitations had run for Plaintiff's intentional

13  and negligent infliction of emotional distress claims, and almost twenty-eight years for her

14  assault and battery claims. *See id.*; Am. Compl. at 5, ECF No. 33. Therefore, Plaintiff's claims

15  are barred by the applicable statutes of limitations.

16  The court also agrees with Defendant Pettis that the court cannot equitably toll these

17  statutes of limitations because equitable tolling is not available for such claims under Guam law.

18  *See* Mot. at 3-4, ECF No. 35. "Equitable tolling suspends the running of a limitations period."

19  *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth., Guam*, 2020 Guam 20 ¶ 80 (citing *Guam*

20  *Hous. & Urban Renewal Auth. v. Dongbu Ins. Co.*, 2001 Guam 24 ¶ 10). In Guam, the doctrine

21  applies "only 'in the narrow context of insurance claims,'" and has not been adopted in any other

22  case. *Id.* (quoting *Taitano v. Calco Fin. Corp.*, 2008 Guam 12 ¶ 44 n.4 and citing *Ignacio v.*

23  *People*, 2012 Guam 14 ¶ 42 n.4). "Given the Supreme Court of Guam's hesitancy to broaden the

24

applicability of equitable tolling beyond insurance claims, the court finds that equitable tolling may not be applied" to 7 GUAM CODE ANN. §§ 11306, 11312. *See Guam Waterworks Auth. v. Badger Meter, Inc.*, Civil Case No. 20-00032, 2023 WL 4053899, at *9-10 (D. Guam June 16, 2023) (citations omitted). Because the court finds that Plaintiff's claims are time-barred and not subject to equitable tolling, the court does not address Defendant Pettis's arguments regarding the doctrine of laches. *See* Mot. at 4-5, ECF No. 35.

In light of the foregoing, Plaintiff's amended complaint and claims for assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress are **DISMISSED with prejudice** because no additional allegations could cure the deficiencies caused by Guam's statutes of limitations. *See Garity*, 828 F.3d at 854.

### D.  Motions to Appoint Counsel

Finally, Plaintiff filed two motions to appoint counsel, the first on December 23, 2024, and the second on February 6, 2025. ECF Nos. 5, 22. In her first motion, Plaintiff requests appointment of counsel on the basis that she is "unable to obtain counsel for these proceedings" and is "entitled to the relief requested." Mot. at 1, ECF No. 5. In support, Plaintiff submitted a Criminal Justice Act form for appointment of counsel, indicating that she is a veteran and *pro se* litigant. *Id.* at 2. In her second motion, Plaintiff states that "the appointment of counsel is necessary to ensure a fair trial and to protect [her] rights under the [Constitution]." Mot. at 1, ECF No. 22. Without an attorney, Plaintiff states that she is "at a significant disadvantage in effectively presenting my case and defending my rights." *Id.*

Only in extraordinary circumstances may the court request an attorney to represent a litigant unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1    In considering requests for counsel, the court must consider a plaintiff's "likelihood of success

2    on the merits" and evaluate "the plaintiff's ability to articulate [her] claims in light of the

3    complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103

4    (9th Cir. 2004); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (explaining that

5    exceptional circumstances must be "viewed together"). A "likelihood" means that there is

6    "possible merit" to the claims, not that success is certain or even probable. *See Byrd v. Maricopa*

7    *Cty. Bd. of Supervisors*, 845 F.3d 919, 925 (2017). The plaintiff bears the burden of

8    demonstrating these exceptional circumstances. *Palmer*, 560 F.3d at 970.

9          As explained above, the court denied Plaintiff's motion for relief and application to

10   proceed without prepaying fees and dismissed her complaint with prejudice. *See supra* at 6-7, 9-

11   12. In a similar vein, the court finds that "exceptional circumstances" do not exist that would

12   warrant appointing counsel to Plaintiff because her claims lack a likelihood of success on the

13   merits given the applicable statutes of limitations in Guam. *See Byrd*, 845 F.3d at 925. Although

14   the court recognizes that issues of jurisdiction and statutes of limitations can be complex,

15   particularly for non-lawyers, the court's dismissal of Plaintiff's amended complaint with

16   prejudice warrants the denial of Plaintiff's motions to appoint counsel. Accordingly, Plaintiff's

17   motions to appoint counsel are **DENIED**.

18   **IV.    CONCLUSION**

19         The court does not take Plaintiff's allegations lightly. If true, Plaintiff's amended

20   complaint demonstrates that she endured severe and irreversible conduct that appears to have

21   caused her significant anguish. Unfortunately, Plaintiff is without recourse in this court because

22   the court lacks jurisdiction to hear her criminal claims and her civil claims are time-barred. Thus,

23   Plaintiff's motion for relief, application to proceed without prepaying fees, and motions to

24

appoint counsel are **DENIED**. Defendant Pettis's motion to dismiss is **GRANTED**, and

Plaintiff's motion to issue subpoena is **DENIED as moot**. Plaintiff's amended complaint is

**DISMISSED with prejudice**, and the Clerk of Court is directed to close this case.

     **SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Aug 18, 2025**